IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| ANTOINE DESHAWN MILLER, | ) |
| Movant, | ) |
| v. | ) CIVIL ACTION NO. 2:16-05829 |
| | ) (Criminal No. 2:04-00096) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's "Motion to Vacate & Correct Sentence Under 28 U.S.C. § 2255" (Document No. 200), filed on June 27, 2016. By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 201.)

## FACTUAL AND PROCEDURAL BACKGROUND

**A   Criminal Action No. 2:07-00019:**

On December 13, 2004, Movant pled guilty to one count of Conspiracy to Commit Robbery Affecting Interstate Commerce (Conspiracy to Commit Hobbs Act Robbery) in violation of 18 U.S.C. § 1951 (Count One of Superseding Indictment)[1], and one count of Using a Firearm in Furtherance of a Violent Crime (Count Two of Superseding Indictment) in violation of 18 U.S.C. § 924(c)(1)(A). (Criminal Action No. 2:04-00096, Document Nos. 124 - 126.) The District Court

---

[1] The Superseding Indictment charges Movant with Conspiracy to Interfere with Commerce by Threats and Violence in violation of 18 U.S.C. § 1951 (Count One). (Criminal Action No. 2:04-00096, Document No. 71, pp. 1 – 3.) The Plea Agreement indicates that Movant pled guilty Robbery Affecting Interstate Commerce in violation of 18 U.S.C. § 1951 (Count One). (*Id.*, Document No. 126.) The United States does not dispute that Movant was convicted of Conspiracy to Interfere with Conference by Threats and Violence in violation of 18 U.S.C. § 1951.

sentenced Movant on February 25, 2005, to serve a total term of 172 months of incarceration consisting of 52 months as to Count One and 120 months as to Count Two to run consecutively. (Id., Document Nos. 139, 143, 146.) The District Court further imposed a five-year term of supervised release consisting of three years as to Count One and five years to Count Two to run concurrently. (Id., Document Nos. 67 and 68.) Finally, the District Court imposed a $200 special assessment and $67,585.18 in restitution. (Id.) Movant did not file a direct appeal to the Fourth Circuit Court of Appeals.

**B.      First Section 2255 Motion:**

On June 6, 2008, Movant, acting *pro se*, filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 161.) As grounds for relief, Movant argued as follows: (1) Movant was denied his Sixth Amendment right to effective assistance of counsel; (2) Movant was deprived of his Fifth Amendment right against self-incrimination; (3) Movant's Fourth Amendment right against illegal search and seizure was violated; and (4) Movant was deprived of his Eighth Amendment right to reasonable bail. (Id.) By Proposed Findings and Recommendation entered on August 18, 2008, United States Magistrate Judge Mary E. Stanley recommended that Movant's Section 2255 Motion be denied as untimely. (Id., Document No. 172.) By Memorandum Opinion and Order entered on September 9, 2008, United States District Judge David A. Faber adopted Judge Stanley's recommendation and denied Movant's Section 2255 Motion. (Id., Document No. 175.)

**C.      Request for Authorization to File a Successive Section 2255 Motion:**

On June 21, 2016, Movant filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In re: Antoine Deshawn

Miller, Case No. 16-9396 (4th Cir.). By Order entered on July 27, 2016, the Fourth Circuit granted Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. (Id., Document No. 199.)

**D.     Instant Section 2255 Motion:**

On June 27, 2016, Movant, by court-appointed counsel, Federal Public Defender Christian M. Capece and Assistant Federal Public Defender Lex A. Coleman, filed his "Motion to Vacate & Correct Sentence Under 28 U.S.C. § 2255." (Civil Action No. 2:16-5829, Document No. 200.) In support of his Motion, Movant alleges that he is entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Movant first explains that he was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Two). (Id.) Movant states that the underlying "crime of violence" for the Section 924(c) charge was his conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. (Id.) Movant argues that post-Johnson, conspiracy to commit Hobbs Act robbery fails to qualify as a "crime of violence." (Id.) First, Movant asserts that his conviction for conspiracy to commit Hobbs Act robbery is not a "crime of violence" under the § 924(c)(3)(A) "force clause" "because it does not have as an element the 'use, attempted use, or threatened use of physical force against the person or property of another.'" (Id.) Second, Movant claims that conspiracy to commit Hobbs Act robbery "is not a crime of violence under the § 924(c)(3)(B) residual clause, because that similarly worded provision suffers from the same substantive constitutional defects that prompted the Supreme Court to hold the ACCA residual clause failed to provide adequate notice and invited arbitrary enforcement to the degree it was unduly vague under the Due Process Clause." (Id.) Movant explains that in Johnson, the Supreme Court held that the "residual clause" of the Armed

Career Criminal Act ["ACCA"] was unconstitutionally vague. (Id.) Movant, therefore, argues that logically Johnson applies to Section 924(c)(3) based on the substantively similar language of Section 924(e)(2)(B)(ii) and 924(c)(3)(B). (Id.) Movant further states the Ninth Circuit determined that the "residual clause" of Section 16 was unconstitutional based upon Johnson. (Id.) Movant notes that the "residual clause" of Section 16 and Section 924(c)(3) are textually identical. (Id.) Citing In re Hubbard, Movant notes that the Fourth Circuit treats Section 16(b) identically to Section 924(c)(3). (Id.) Next, Movant argues that he is entitled to relief under Section 2255(f)(3) because he filed his Motion within one year of the Supreme Court's decision in Johnson. (Id.) Movant contends that "the Supreme Court recognized a new right in Johnson, and announced a substantive rule that is retroactive to cases on collateral review (Id.) Movant contends that in light of Johnson, he is innocent of the Section 924(c) conviction (Count Two). (Id.) As relief, Movant requests that the Court sentence Movant to time served without any further term of supervised release. (Id.)

By Order entered on June 30, 2016, the undersigned directed the United States to file its Answer by August 1, 2016. (Id., Document No. 202.) On August 1, 2016, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 208.) First, the United States argues that conspiracy to commit a Hobbs Act robbery is a crime of violence under the "force clause" in § 924(c)(3)(A). (Id.) The United States explains that because Movant was charged with the elements necessary to prove the underlying Hobbs Act robbery, the challenged offense had as an element the use of force against the person of another. (Id.) Second, the United States contends that Movant "procedurally defaulted on this claim, inasmuch as he has never before challenged whether conspiracy to commit a Hobbs Act robbery is properly considered a crime of violence under the force clause, and he has offered no good reason to excuse his delay in bring such a

4

challenge." (Id.) Third, the United States claims that Movant's "force clause" claim is untimely because Movant has failed to point to a Supreme Court's decision recognizing a new right. (Id.) Fourth, the United States asserts that Movant's claim is premature because the Supreme Court had not held that Johnson applies to Section 924(c). (Id.) Finally, the United States argues that Johnson does not apply to Section 924(c)(3)(B). (Id.)

On August 4, 2016, the United States filed its Supplemental Brief citing United States v. Hill, No. 14-3872 (2nd Cir. Aug. 3, 2016). (Id., Document No. 209.) The United States asserts that "[o]n August 3, 2016, the Second Circuit decided the case of United States v. Hill, and ruled both that Hobbs Act robbery is categorically a crime of violence under the 'force clause' of § 924(c)(3)(A), and that Johnson did not render the 'risk of force clause of § 924(c)(3)(B) void for vagueness." (Id.) As an Exhibit, the United States attaches a copy of United States v. Hill. (Id., Document No. 209-1.)

On August 9, 2016, the United States filed its Second Supplemental Brief citing United States v. Gonzales-Longoria, No. 15-40041 (5th Cir. Aug. 5, 2016). (Id., Document No. 210.) The United States asserts that "[i]n Gonzales-Longoria, the [Fifth Circuit] held that the crime of violence definition in the residual clause of 18 U.S.C. § 16(b) (which is identical to the residual clause in the crime of violence definition in § 924(c)(3)(B)) was not unconstitutionally vague in light of Johnson." (Id.) As an Exhibit, the United States attaches a copy of United States v. Gonzales-Longoria. (Id., Document No. 210-1.)

Following the granting of several extensions of time, Movant filed his Reply on September 27, 2016. (Id., Document No. 221.) First, Movant argues that his Johnson-based Section 2255 Motion is not barred by procedural default because he can establish cause and prejudice. (Id., pp. 3 – 5.) Second, Movant asserts that his Johnson-based claim is neither untimely nor premature.

5

(Id., pp. 6 – 9.) Third, Movant argues that Johnson does apply to Section 924(c)(3)(B)'s "residual clause" because it presents the same "double indeterminacy/ordinary-case problem under the categorical approach that rendered the ACCA residual clause unconstitutionally vague." (Id., pp. 9 – 14.) Finally, Movant argues that conspiracy to commit Hobbs Act robbery is not a "crime of violence" under the Section 924(c)(3)(A)'s "force clause." (Id., pp. 14 – 16.)

On November 22, 2016, Movant filed his Supplemental Reply citing additional case law in support of his Section 2255 Motion. (Id., Document No. 224.) Citing United States v. Cardena, 2016 WL 6819696 (7th Cir. Nov. 18, 2016) and Baptiste v. Attorney General, 2016 WL 6595943 (3rd Cir. Nov. 8, 2016), Movant contends that both the Seventh Circuit and Third Circuit have determined that Johnson applies to either Section 924(c)(3) or the identical text used in 18 U.S.C. § 16(b). (Id.) Movant notes that both Courts issued the above rulings after the Supreme Court granted certiorari in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015).

On July 27, 2017, the United States filed its Third Supplemental Brief citing United States v. Eshetu, 2017 WL 3138110 (D.C. Cir. July 25, 2017). (Id., Document No. 229.) The United States notes that the District of Columbia Circuit's decision in Eshetu determined that conspiracy to commit Hobbs Act robbery was a crime of violence. (Id.)

On October 2, 2018, Movant filed his "Post-*Dimaya* Supplement to Reply Memorandum." (Id., Document No. 250.) Movant noted that since the filing of his original reply briefing, the Supreme Court decided Sessions v. Dimaya, 138 S.Ct. 1204 (2018). (Id.) Movant notes that relying upon Johnson, the Supreme Court in Dimaya held that Section 16(b) is unconstitutionally vague. (Id.) Movant argues that Dimaya demonstrates that Johnson's void-for-vagueness analysis is not limited to the ACCA. (Id.) Movant again notes that the "residual clause" of Section 16(b) and Section 924(c)(3) are textually identical. (Id.) Movant, therefore, argues that he is entitled to relief.

6

(Id.) As to the appropriate relief, Movant requests that he be released for time served. (Id., pp. 3 – 4.) Movant claims if he had only been convicted for the conspiracy to commit Hobbs Act robbery (Count One), his sentence would have expired in early 2010. (Id.) Movant notes that he served his term of imprisonment for both Counts One and Two remaining in custody until July 5, 2017, when the started his term of supervised release. (Id.) Movant acknowledges that he was charged in February 2018, with robbery and possessing a firearm, which resulted in the revocation of his supervised release and the imposition of five years imprisonment (a term of sixty (60) months, consisting of twenty-four (24) months on Count One and sixty (60) months on Count Two, to run concurrently). (Id.) Movant states that had his Section 2255 Motion "already been granted, the Court should have imposed a time served sentence or certainly no more than the twenty-four month statutory maximum which could have been applicable for a Class C felony on a Grade A violation." (Id.) Movant complains that he "has now been sentenced to serve an additional five-year term of imprisonment, in a case in which he had already served at least eight years of imprisonment more than he should have." (Id.)

The United States filed its Sur-Reply on October 26, 2018. (Id., Document No. 259.) First, the United States argues that "[b]ecause Hobbs Act conspiracy is a crime of violence under the force clause in § 924(c)(3)(A), there is no need to examine defendant's *Dimaya*-based argument that the residual clause in § 924(c)(3)(B) is unconstitutionally vague." (Id., p. 3.) Second, the United States argues that Dimaya has not been made retroactively applicable to cases on collateral review, and therefore Movant's Dimaya claim is premature. (Id., pp. 4 – 5.) Third, the United States contends that Dimaya did not render Section 924(c)(3)(B) unconstitutional. (Id., pp. 5 – 17.) The United States explains Dimaya did not hold that Section 16(b) "invariably mandates a categorical approach under which a court must disregard real-world conduct in favor of attempting

7

to identify the 'ordinary case" of a particular crime." (Id., p. 7.) The United States concludes that because "*Dimaya* did not include any holding by a majority of the Court that § 16(b) requires a categorical approach, it leaves open the same question for § 924(c)(3)(B)." (Id., p. 8.) The United States, therefore, argues that Section 924(c)(3)(B) should be interpreted to require a case-specific approach. (Id., pp. 8 – 17.) The United States concludes that by applying a case-specific approach, the vagueness problem is avoided. (Id.) The United States further contends that in applying a case-specific approach, the underlying conduct of Movant's Hobbs Act conspiracy constitutes a "crime of violence" and his Section 2255 Motion should be denied. (Id.)

By Order entered on June 5, 2019, the undersigned stayed the above case pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. (Id., Document No. 269.) Specifically, the undersigned noted that on April 17, 2019, the Supreme Court heard oral arguments in Davis, which addressed, *inter alia*, whether the residual clause found in 18 U.S.C. § 924(c)(3)(B) is void for vagueness, and whether a categorical or case-specific approach should be used in determining whether the crime that serves as the basis of a section 924(c) offense is a "crime of violence" under section 924(c)(3). (Id.)

**E.     Revocation of Supervised Release:**

Movant began serving his five-year term of supervised release on July 5, 2017. On February 16, 2018, United States Probation Officer Justin L. Gibson submitted a Petition for Warrant for Offender Under Supervision alleging Movant had violated terms and conditions of his release. (Criminal Action No. 2:04-00096, Document No. 231.) United States District Judge David A. Faber granted the Petition and issued a warrant for Movant's arrest on the same day. (Id., Document Nos. 231 and 232.) Movant was arrested on August 1, 2018, and his Initial Appearance was conducted on August 2, 2018. (Id., Document Nos. 239 and 240.) Movant waived his right to

a Preliminary Hearing and his Final Revocation Hearing was conducted on October 2, 2018. (Id., Document No. 241, 249.) During the Final Revocation Hearing, Judge Faber determined that Movant violated the conditions of his supervised release, revoked his term of supervised release, and directed that Movant be "incarcerated for a term of sixty (60) months, consisting of twenty-four (24) months on Count One and sixty (60) months on Count Two, sentences to run concurrently." (Id., Document No. 251.) Movant filed his Notice of Appeal on October 16, 2018. (Id., Document No. 254.) By an unpublished opinion entered on April 8, 2019, the Fourth Circuit affirmed the District Court's judgment. (Id., Document No. 264.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60

L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal.[2] See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States

---

[2] To the extent the United States argues that Movant's claim is procedurally defaulted, the undersigned rejects such an argument. Movant is able to establish good cause for his failure to previously raise his Section 924(c) *Johnson*-based claim because the status of the law at the time of Movant's conviction did not provide a "reasonable basis" for such a challenge. *See United States v. Sabetta*, 221 F.Supp.3d 210, 225 (D.R.I. 2016). Additionally, Movant is able to establish prejudice as his Section 924(c) conviction resulted in a 120-month term of imprisonment, and an additional 36-month term of imprisonment upon the revocation of his term of supervised release.

Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant, however, argues that Johnson should be extended to 18 U.S.C. § 924(c). Movant was convicted of one count of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Count Two). (Id.) Movant states that the underlying "crime of violence" for the Section 924(c) charge was a charge of conspiracy to commit a Hobbs Act Robbery in violation of 18 U.S.C. § 1951. Movant explains that Section 924(c)'s definition of "crime of violence" contains a "residual clause" that is materially indistinguishable from the "residual

11

clause" in the ACCA that was struck down in Johnson. Section 924(c)'s "residual clause" defines "crime of violence" to include any felony that "by its nature, involves a substantial risk that physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(B). In Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), the Supreme Court extended Johnson and determined that the "residual clause" found in 18 U.S.C. § 16(b) is unconstitutionally vague. As noted by Movant, the definition of "crime of violence" as contained in Section 16(b) is nearly identical to the definition of "crime of violence" contained in Section 924(c)(3)(B). Recently, the Supreme Court determined that the "residual clause" of Section 924(c)(3)(B) is also unconstitutionally vague. United States v. Davis, ___ U.S. ___, 139 S.Ct. 2319, ___ L.Ed.2d ___ (2019). The Supreme Court also addressed the Government's argument that Section 924(c)'s vagueness problem could be avoided by applying a case-specific, rather than a categorical, approach. Id. The Supreme Court, however, rejected the Government's request that the Court "abandon the traditional categorical approach and hold that the statute commands a case-specific approach that would look at the defendant's actual conduct in the predicate crime." Id. The Supreme Court determined that Section 924(c)(3)(B), similar to Section 16(b), carries a categorical approach and is unconstitutionally vague. Id.

   The undersigned finds that Movant's Section 2255 Motion is timely based upon Johnson and Welch. The new substantive rule recognized by the Supreme Court in Johnson, and extended in Davis, is retroactive to cases on collateral review based on Welch. Welch, ___ U.S. at ___, 136 S.Ct. at 1259 ("new substantive rules do apply retroactively"); also see United States v. Thomas, 627 F.3d 534, 536 (4th Cir. 2010)(recognizing that "§ 2255(f)(3) does not require that the initial retroactivity question be decided in the affirmative *only* by the Supreme Court"). The undersigned,

12

therefore, will consider Movant's argument that his Section 924(c) conviction (Count Two) must be vacated. The underlying "crime of violence" for Movant's Section 924(c) conviction was his conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. Under Section 924(c)(1)(A), there are two ways an offense may qualify as a "crime of violence:" (1) The offense may qualify under the "force clause" (Section 924(c)(3)(A)); or (2) The offense may qualify under the "residual clause" (Section 924(c)(3)(B)). As stated above, the Supreme Court in Davis held that the "residual clause" of Section 924(c)(3)(B) is unconstitutionally vague and rejected the Government's request for the application of a case-specific approach. Under the "force clause," any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" is a "crime of violence." See 18 U.S.C. § 924(c)(3)(A). Thus, the Court must consider whether conspiracy to commit Hobbs Act robbery is a "crime of violence" under the "force clause."[3] The Fourth Circuit specifically addressed this issue in United States v. Simms, 914 F.3d 229 (4th Cir. Jan. 24, 2019). In Simms, the Fourth Circuit determined that conspiracy to commit Hobbs Act robbery does ***not*** qualify as a "crime of violence" under the "force clause" of Section 924(c). United States v. Simms, 914 F.3d 229, 233 (4th Cir. Jan. 24, 2019)(also finding the "residual clause" of Section 924(c) is unconstitutionally vague based upon *Dimaya*). Accordingly, the undersigned finds that Movant's underlying offense of conspiracy to commit Hobbs Act robbery cannot support his Section 924(c) conviction (Count Two). Based upon the foregoing, the undersigned respectfully recommending that the above action be reinstated to the active docket and Movant's Section 2255 Motion be granted.

---

[3] Movant does not dispute that he was properly convicted of the conspiracy to commit Hobbs Act robbery as charged in Count One of the Superseding Indictment, but contends that such a conviction does not now constitute a "crime of violence" for purposes of Section 924(c).

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **REINSTATE** the above case to the active docket, **GRANT** Movant's "Motion to Vacate & Correct Sentence Under 28 U.S.C. § 2255" (Document No. 200) and vacate and set aside Movant's judgment. In accordance with 28 U.S.C. § 2255(b), the District Court may then discharge Movant, resentence him, or correct his sentence as may appear appropriate.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d

352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: July 24, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge